DAVID HAMILTON, ET AL., *v.* W. A. STEWART, RECEIVER.

**Sureties on Receiver's Bond.**

Sureties on a receiver's bond are not precluded from showing that they are not liable, and that an account and settlement made by the receiver and adjudged to be true is based on moneys received and collected by him prior to the date of the bond on which their names appear; and they may be allowed to show that moneys coming into the receiver's hands since the execution of the bonds by them have been accounted for.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 21, 1880.

OPINION BY JUDGE PRYOR:

The petition alleges that the commissioner, Pegram, was ordered to collect the money, and it is immaterial whether that order was made before or after the execution of the last bond. If he, as receiver, collected the money after these appellants became liable, and failed to pay over, they should answer as his sureties for this default. It is distinctly alleged that in May, 1870, he collected $4,200 of this money, and has failed to account for it. The only question,

it seems to us, is: Has he paid it over? The judgment against Pegram that purports to be a judgment on a settlement of his accounts as receiver does not preclude the sureties from showing that they are not liable for the amount. If the account is made up of moneys collected prior to the date of the bond on which their names appear, there is no reason why they should not be allowed to show that all the moneys collected by the receiver since the execution of the bonds by them has been accounted for.

They show by the testimony of James Weir that a part of the money collected had been paid to him, not only the $1,482, but other claims that are set forth in the exhibit filed by the appellants. While Weir does not give the amounts paid to him, the exhibit filed with the answer shows that he received certain other sums, and it is not denied that this was properly paid out; or, if there is such a denial, it is not denied that it was paid on claims and to claimants who were entitled to receive it. There was enough proof in the case to go to the jury on the question of payment, and a peremptory instruction should not have been given. The order directing the institution of an action against the sureties did not require that all should be sued. The receiver had the right to sue as any other litigant, and it seems to us the only defense is: Has the money collected since the date of the bond been accounted for? The judgment against Pegram does not prevent the sureties from establishing that fact. It is manifest that the receiver has made nothing out of the sale of the principal's estate, and we see no reason why the action is not properly brought.

Judgment *reversed* and cause remanded for further proceedings.

*Owen & Ellis, William Lindsay, for appellants.*

*Williams & Brown, R. W. Slack, for appellee.*